IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN AND JANE DOE, AS NEXT FRIENDS OF CHILD DOE, A MINOR[1], | § § § § | |
| *Plaintiffs,* | § | |
| V. | § § | **CIVIL ACTION NO. 5:17-cv-1195** |
| LA VERNIA INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| *Defendant.* | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT
AND JURY DEMAND**

NOW COME the Plaintiffs, JOHN and JANE DOE, As Parents and Next Friends of CHILD DOE, A MINOR (collectively "Plaintiffs"), by and through their attorneys, and complain against Defendant LA VERNIA INDEPENDENT SCHOOL DISTRICT ("La Vernia ISD").

On April 11, 2017, Plaintiffs filed their Original Complaint, Civil Action No. 5:17-cv-00310-OLG (Dkt. Entry 1). On July 24, 2017, Plaintiffs and Defendant entered a Stipulation of Dismissal Without Prejudice dismissing Plaintiffs' claims without prejudice (Dkt. Entry 23) due to the health of Plaintiffs' attorney, J.K. Ivey. Plaintiffs are refiling their claims and Plaintiffs respectfully request that this Civil Action be reassigned to the same Court.

**JURY DEMAND**

1. The Plaintiffs hereby demand a trial by jury.

**THE PARTIES**

**Plaintiffs**

2. Plaintiffs JOHN and JANE DOE, As Parents and Next Friends of CHILD DOE, are residents of the city of La Vernia, Wilson County, Texas.

---

[1] Plaintiffs request a protective order shielding the identity of the minor Plaintiffs herein, due to the graphic nature of the acts and events made the basis of this lawsuit.

3.      Plaintiff CHILD DOE is a minor and is a resident of the city of La Vernia, Wilson County, Texas.  CHILD DOE attended the School at all relevant times.

**Defendant**

4.      Defendant LA VERNIA INDEPENDENT SCHOOL DISTRICT (hereinafter "LA VERNIA ISD"), is a school district organized under the laws of the State of Texas.  La Vernia ISD was at all pertinent times acting under the color of state law, and was responsible for the care, management, and control of all public school business within its jurisdiction, including the athletic program at the School, and had a duty to know about the hazing rituals in question, and to implement policies, practices, and procedures, and to train all staff at the School concerning the same, to protect students like CHILD DOE from harm, as well as a duty to report all such incidents or suspicion of such incidents within 48 hours to the proper authorities as required by state law, including The Texas Family Code Chapter 261, Texas Education Code §§38.004 and 38.0041, and Texas Administration Code §61.1051, which govern mandatory child abuse and neglect reporting. La Vernia ISD may be served with process upon the President, Cynthia Buerkle, of the School Board at 13600 US Hwy 87 West, La Vernia, TX 78121.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over federal questions pursuant to 28 U.S.C. §1331 because Plaintiffs make claims for deliberate indifference to peer based sexual harassment, pursuant to Title IX, 20 U.S.C. §1681(a), et seq.  This Court has supplemental jurisdiction to hear CHILD DOE's state law claims, if any, because they are so related to the claims within this Court's original jurisdiction that they form part of the same case or controversy, pursuant to 28 U.S.C. §1367.

6.      Venue is proper in this Court under 28 U.S.C. §1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the Western District of Texas. Moreover, upon

information and belief, all of the parties reside in the Western District of Texas, San Antonio Division.

## CAUSE OF ACTION

7. Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 provides that no person in the United States shall, on the basis of sex, be excluded from participation in, as the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance. An implied private right of action exists under Title IX and money damages are available in such suits. If a federal education funding recipient does not engage in harassment directly, it may not be liable for damages unless its deliberate indifference "subjects" its students to harassment. That is, the deliberate indifference must, at a minimum, cause students to undergo harassment or make them vulnerable to it. Recipients of federal education funding may be liable for subjecting their students to discrimination where the recipient is deliberately indifferent. The known acts of student-on-student sexual harassment and the harasser is under the school's disciplinary authority. Student-on-student sexual harassment, if sufficiently severe, can likewise rise to the level of discrimination action all under Title IX.

## STATEMENT OF FACTS – CHILD DOE

8. In the fall of 2015, CHILD DOE was a 15-year-old freshman at La Vernia High School, and a Junior Varsity football player. During that fall semester and just before playoffs, CHILD DOE was advanced to the School's Varsity football team.

9. Upon making the School's Varsity football team, CHILD DOE was told by a senior on the football team, to "get ready." CHILD DOE had heard from upperclassmen on the football team and other students that there was a varsity football "initiation."

10. During the first week of football playoffs, La Vernia High School played Zapata High School in Zapata, Texas. CHILD DOE and the other Varsity football players were in the Zapata High School visitor locker rooms preparing for the game. It was at this time that CHILD DOE was attacked by three upperclassmen who grabbed CHILD DOE, forced him face down on the locker room floor, and held him down as he struggled to get away. An upperclassman then grabbed a Gatorade G2 bottle, and pushed it into CHILD DOE's anus over his shorts. CHILD DOE, violated, angry, and betrayed, yelled at them to get away.

11. The following week at school, CHILD DOE was approached by not only football players, but other students, and asked about what had happened to him. The whole school was talking about CHILD DOE, and what had happened to him in Zapata. In class, a teacher advised the students that she had heard about the assault, told the class that "it was wrong" and to "cut it out." She also advised the students that she had sent an email to the Athletic Director about the incident and that "it would be taken care of." She then proceeded to call CHILD DOE out of the class in front of the other students to talk to him. The teacher told CHILD DOE that she was sorry and that "he won't have to worry about it," and, "it will be taken care of."

12. Later that day, while in the locker room at the high school, the Athletic Director dismissed the Junior Varsity players to talk to the Varsity football players. He told the players that he had heard about the "initiations" going on, and that it needed to stop because there would be consequences. He advised his varsity players, "You won't be able to get a job, no girl will want to date you and you could go to prison… cut it out." He did not report the incident to authorities, but instead requested that a coach be present in the locker room at all times before practice.

13. Despite the foregoing, approximately two weeks after CHILD DOE's initial attack, he was attacked again. CHILD DOE was standing in front of his locker after practice when two Varsity

football players approached him from both sides to grab and force CHILD DOE down to the locker room floor. CHILD DOE was punched and fondled, but was finally able to maneuver to a sitting position in his locker and fight off his attackers.

14.     Two days later, CHILD DOE was attacked again in the locker room, this time before practice, when a coach was supposed to be monitoring activity. Three Varsity football players grabbed CHILD DOE's feet and forced him face down again. CHILD DOE knew they were trying to "initiate" him because he sees that one student had something in his hand. The attackers gave up and got off of him.

15.     At the end of CHILD DOE's freshman school year (2015-2016), the Head Football Coach/Athletic Director accepted a position at Ferris ISD.  Another Head Coach and new Athletic Director assumed the positions for the Fall of 2016.

16.     CHILD DOE began his sophomore year in August 2016, with "2-a-days" Varsity football practice. About mid-August, after practice, CHILD DOE had finished showering and was by his locker when three senior members of the Varsity football program attacked him. As he was forcibly held down by two of them, the third took a carboard tube from a coat hanger and pushed it into CHILD DOE's anus. They were laughing the whole time and told CHILD DOE, "New year, new initiation."

17.     A few weeks later, just before the 2016 – 2017 school year started, CHILD DOE was attacked again by two seniors, in the locker room after practice. They forced CHILD DOE down on the locker room floor; however, CHILD DOE was able to roll under a bench. They gave up and walked away.

18.     Two weeks into the 2016 – 2017 football season, the team was practicing at the indoor facility at the School. A senior approached CHILD DOE by the weight lifting area and flipped him

over, while holding a metal pipe that he threatened to insert into CHILD DOE's anus. The senior dropped the pipe and walked away when a coach entered the room.

19. In January 2017, a new Head Football Coach/Athletic Director was hired.

20. The Texas Rangers began investigating the assaults and in February 2017, news broke of the scandal and arrests were made.

21. CHILD DOE eventually transferred to another school for his Junior year, 2017 – 2018.

**La Vernia School District Policies**

22. La Vernia ISD's bullying policy defines prohibited conduct as "hazing, threats, taunting, teasing, confinement, assault, demands for money, destruction of property, theft of valued possessions, name calling, rumor spreading, or ostracism." *See* La Vernia ISD Student Handbook, Appendix I.

23. Specifically, "bullying" is defined by La Vernia ISD as "when a student or group of students engages in written or verbal expression, expression through electronic means, or physical conduct that occurs on school property, at a school sponsored or school-related activity, or in a vehicle operated by the District and that:

> a. Has the effect or will have the effect of physically harming a student, damaging a student's property, or placing a student in reasonable fear of harm to the student's person or of damage to the student's property; or
>
> b. Is sufficiently severe, persistent, and pervasive enough that the action or threat creates an intimidating, threatening, or abusive educational environment for a student.

*Id.*

24. La Vernia ISD's policies require that "<u>ANY District employee</u> who suspects or receives notice that a student or group of students has or may have experienced bullying shall immediately notify the principal or designee. A report may be made orally or in writing. The principal or designee shall reduce any oral reports to written form. The principal or designee shall determine whether the allegations in the report, if proven, would constitute prohibited conduct as defined by policy."

25. La Vernia ISD's policies did not comply with Texas state law, which requires that all such incidents or suspicion of such incidents be reported within 48 hours to the proper authorities as required by state law, including The Texas Family Code Chapter 261, Texas Education Code §§38.004 and 38.0041, and Texas Administration Code §61.1051, which govern mandatory child abuse and neglect reporting. In addition, the principal, athletic director, teachers and coaches did not follow La Vernia ISD policies as they pertained to the baseball and football programs "initiation" hazing. On information and belief, this was done to protect the programs, and its student athletes, eligibility, and reputation.

26. La Vernia ISD's policy concerning sexual assault of students provides that:

> Sexual and other harassment of students by employees are forms of discrimination and are prohibited by law. Employees who suspect a student may have experienced prohibited harassment are obligated to report their concerns to the campus principal or other appropriate district official. All allegations of prohibited harassment of a student by an employee or adult will be reported to the student's parents and promptly investigated. An employee who knows of or suspects child abuse must also report his or her knowledge or suspicion to the appropriate authorities, as required by law. See Reporting Suspected Child Abuse, page 30

> All employees are required by state law to report any suspected child abuse or neglect to a law enforcement agency, Child Protective Services, or appropriate state agency (e.g., state agency operating, licensing, certifying, or registering a facility) within 48 hours of the event that led to the suspicion.

7

*See* La Vernia ISD Employee Handbook, pps. 30-11.  Despite the foregoing, the principal, athletic director, teachers and coaches did not follow La Vernia ISD policies as they pertained to the football and baseball programs "initiation" hazing.  On information and belief, this was done to protect the programs, and its student athletes, eligibility, and reputation.

### VIOLATIONS OF TITLE IX, SEXUAL HARASSMENT AND BULLYING, LA VERNIA ISD

27. At all times material herein, La Vernia received Federal school funds.

28. The foregoing assaults of CHILD DOE constituted sexual harassment, namely, unwelcome conduct of a sexual nature, which included unwelcome sexual advances, and other verbal, non-verbal, and physical conduct of a sexual nature, including sexual touching, sexual conduct.  Under the holding of *Davis vs. Monroe County Board of Education,* 526 U.S. 629, La Vernia ISD's conduct in this case constituted a *prima facie* violation of Title IX, in that:

   a. The federal funding recipient (La Vernia ISD) was deliberately indifferent to known acts of harassment; and

   b. The harassment was so severe, pervasive, and objectively offensive that is could be said to deprive the Plaintiff of access to educational benefits or opportunities provided by the School.

29. At all pertinent times herein, La Vernia was deliberately indifferent to known acts of harassment to CHILD DOE.  The teacher, Athletic Director and football coach are appropriate persons under Title IX, who had authority to take corrective measures for La Vernia to end the discrimination. The harassment was so severe, pervasive, and objectively offensive that it could be said to deprive the Plaintiff of access to educational benefits or opportunities provided by the School, for which Defendant La Vernia ISD is liable under 20 U.S.C. 1681(a) for compensatory monetary damages.  The violations set forth herein caused injuries and damages to Plaintiffs and Plaintiffs withdrew from the School.

30. In March of 1993, the National School Boards Association issued a publication, for use by school attorneys and administrators in understanding the law regarding sexual harassment of employees and students, which observed that districts could be liable under Title IX for their failure to respond to student-on-student harassment. (*See* National School Boards Association Council of School Attorneys, Sexual Harassment in Schools: Preventing and Defending Against Claims.) Drawing on Equal Employment Opportunity Commission guidelines interpreting Title VII, the publication informed districts that, "if [a] school district has constructive notice of severe and repeated acts of sexual harassment by fellow students, that may form the basis for a Title IX claim." The United States Department of Education's Office for Civil Rights has adopted policy guidelines providing that student-on-student harassment falls within the scope of Title IX's proscriptions. (*See* Department of Education, Office of Civil Rights, Sexual Harassment Guidance: Harassment of Students by School Employees, Other Students, or Third Parties.) At all times during these assaults, the school district, though individuals who had authority to take corrective action and to end the discrimination, was deliberately indifferent to the harassment and, in many cases, ridiculed the victims.

## ATTORNEYS' FEES

31. It was necessary for Plaintiffs to hire the undersigned attorneys to file this lawsuit. Upon judgment, Plaintiffs are entitled to an award of attorney's fees and costs under 42 U.S.C. 1988(b), and 29 U.S.C. 794a.

## DAMAGES

32. As a direct and proximate result of the Defendant's conduct as described herein, Plaintiffs have suffered the following injuries and damages, to which they are entitled to recover herein within the jurisdictional limits of this court:

    a. Medical expenses past and future;

    b. Physical pain and mental anguish in the past and future;

    c. Punitive and exemplary damages; and

    d. Pecuniary damages.
        i. Costs associated with transferring to a new school.

## CONDITIONS PRECEDENT AND ADMINISTRATIVE EXHAUSTION

33. Plaintiffs contend there is no need for administrative exhaustion in this case, which may otherwise be required pursuant to 19 T.A.C. 89.1185(p). Specifically, the relief requested herein is not such that an administrative hearing officer could provide, and as such, administrative exhaustion is not required. In addition, and in the alternative, there is no requirement to seek administrative exhaustion if such an effort would be futile, as it would be in this cause. Plaintiffs state that all other conditions precedent to the filing of this lawsuit have occurred.

## PRAYER FOR INJUNCTIVE DECLARATORY RELIEF

WHEREFORE, Plaintiffs, JOHN & JANE DOE, as Parents and Next Friends of CHILD DOE, a minor, request judgment in their favor and pray for relief against Defendant as follows:

34. For an order declaring that Defendant LA VERNIA ISD has acted with willful and wanton disregard to known acts of hazing including assault, battery, and sexual assault;

35. For an order declaring that Defendant LA VERNIA ISD has acted with willful and wanton disregard by failing to properly train LA VERNIA ISD teachers, coaches, and staff how to properly supervise and discipline students who engage in hazing, including assault, battery, and sexual assault;

36. For a permanent injunction restraining and enjoining Defendant LA VERNIA ISD from failing to adequately protect Plaintiffs and other similarly situated students, from verbal and

physical harassment within the La Vernia ISD, including but not limited to assault, battery, and sexual assault;

37. For a permanent injunction ordering Defendant LA VERNIA ISD to stop engaging in unlawful acts, and to develop policies and procedures for ending any such unlawful acts and the hostile and unsafe environment, including but not limited to the following:

   a. Require Defendant La Vernia ISD to implement mandatory and effective training programs for La Vernia ISD faculty, staff, coaches, and students on issues relating to hazing and bullying, and methods to intervene to stop students from hazing/bullying other students.

   b. Require Defendant LA VERNIA ISD to adopt policies with specific guidelines for instructing teachers, coaches, staff, and other La Vernia ISD employees about how to address observed and unobserved acts of hazing, bullying, violence and sexual assault.

   c. Require Defendant LA VERNIA ISD to conduct assemblies for all students in the La Vernia ISD addressing issues of hazing, bullying, and violence, wherein students are instructed about laws prohibiting violence, including but not limited to assault, battery, sexual assault, hazing, and bullying, as well as the detrimental social and psychological effects such behavior has on students' lives.

   d. Require Defendant LA VERNIA ISD to conduct educational sessions wherein student athletes and their parents are instructed about laws prohibiting hazing and bullying and how they impact the athletes required conduct during school sponsored activities.

   e. Require Defendant LA VERNIA ISD to assign a peer mediator and/or other staff member to La Vernia ISD schools to provide active monitoring for the schools and to address instances of hazing and bullying that arise at the schools.

   f. Require Defendant LA VERNIA ISD to maintain statistical data concerning each complaint of hazing and bullying made by a student, parent, or staff member, as well as the specific action La Vernia ISD personnel took to resolve the complaints.

38. For a final judgment, upon trial and notice order awarding monetary damages, attorney's fees, costs of court, against Defendant and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Tim Maloney* _____
**TIM MALONEY**
State Bar No. 12887380
**LAW OFFICES OF MALONEY & CAMPOLO**
926 S. Alamo
San Antonio, Texas  78205
(210) 922-2200 – Telephone
(210) 923-1313 – Facsimile
tmaloney@maloneyandcampolo.com

ATTORNEY FOR PLAINTIFFS