IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN and JANE DOE, AS NEXT FRIENDS OF CHILD DOE, A MINOR | § § § § | |
| Plaintiffs | § | |
| vs. | § § | |
| LA VERNIA INDEPENDENT SCHOOL DISTRICT | § § § | CIVIL ACTION NO.: 5:17-cv-1195-OLG |
| Defendants | § | JURY DEMAND |

**DEFENDANT LA VERNIA INDEPENDENT SCHOOL DISTRICT'S
12(b)(6) MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant La Vernia Independent School District ("District") and files this Motion to Dismiss Plaintiffs' First Amended Complaint for Failure to State a Claim Upon Which Relief Can Be Granted, and shows the Court the following:

**I.   STATEMENT OF THE CASE**

1.   Plaintiffs filed their Original Complaint on April 11, 2017, Civil Action No. 5:17-cv-00310-OLG. *See* Dkt. No. 1, p. 1. The District filed its motion to dismiss, but on July 24, 2017, Plaintiffs and Defendant entered a Stipulation of Dismissal Without Prejudice, dismissing Plaintiffs' claims due to the health of Plaintiffs' former attorney, J.K. Ivey. *See* Dkt. No. 1, p.1. Plaintiffs refiled their lawsuit on November 21, 2017. Dkt. No. 1.

2.   On December 19, 2017, the District filed its 12(b)(6) motion to dismiss Plaintiffs' Original Complaint. Dkt. No. 4. On December 27, 2017, Plaintiffs filed a Motion for Leave to Amend Plaintiffs' Original Complaint, attaching Plaintiffs' First Amended Complaint as an

Exhibit. Dkt. No. 6. The Court has not yet ruled on Plaintiffs' motion requesting leave to amend their Complaint, but because it seems likely that the Court will grant Plaintiffs' request to amend, the District files this motion to dismiss Plaintiff's First Amended Complaint in the interest of conserving judicial resources.

3.     In their First Amended Complaint, Plaintiffs assert a single claim under Title IX against the District for deliberate indifference to peer-based sexual harassment. Dkt. No. 6-1, ¶ 5. Specifically, Plaintiffs John and Jane Doe, as parents and next friends of the minor Child Doe, allege that Child Doe suffered bullying, hazing, and sexual abuse inflicted by other students while attending the LVISD's high school during the academic years of 2015-2017. *See* Dkt. No. 6-1. Defendant LVISD timely files this motion to dismiss, asking the Court to dismiss Plaintiffs' First Amended Complaint with prejudice, in its entirety.

## II. MOTION TO DISMISS STANDARD

4.     Dismissal is appropriate under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Rule 12(b)(6) must be read in concert with the pleading standard set forth in Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *see Ashcroft v. Iqbal,* 556 U.S. 662, 677–68 (2009). In order to survive a motion to dismiss, plaintiffs must provide the grounds of entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted). Indeed, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court, drawing upon its 'judicial

experience and common sense,' to reasonably infer that the defendant is liable for the misconduct alleged." *Aleman v. Edcouch Elsa Indep. Sch. Dist.,* 982 F. Supp. 2d 729, 732 (S.D. Tex. 2013) (citing *Iqbal,* 556 U.S. at 678, *Twombly,* 550 U.S. at 556). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the Petition has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)). "Thus, although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead 'specific facts, not mere conclusory allegations.'" *Tipps v. McCraw*, 945 F. Supp. 2d 761, 765 (W.D. Tex. 2013) (citing *Tuchman v. DSC Commc'ns Corp.,* 14 F.3d 1061, 1067 (5th Cir.1994)).

### III. ARGUMENTS AND AUTHORITY

A. **PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS, 20 U.S.C. § 1681, *ET SEQ.***

   **1. In their First Amended Complaint, Plaintiffs have failed to allege facts showing actual knowledge of severe and pervasive sexual harassment.**

5.   Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Entities that receive federal funding may be liable under Title IX for student-on-student harassment only if they are "deliberately indifferent to sexual harassment, of which they have actual knowledge, that is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school." *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 650 (1999). Specifically, before a private party may bring suit under Title IX against a school district, the plaintiff must show: "(1) the school had actual knowledge of the harassment; (2) the harasser was under its control; (3) the harassment was

based on sex; (4) the harassment was so severe, pervasive, and objectively offensive that it effectively barred his access to an educational opportunity or benefit; and (5) the school was deliberately indifferent to the harassment." *Id.* at 633, 646-47 (internal citations and alterations omitted).

6.     "Simply because an act could be characterized as sexual harassment does not mean that it automatically rises to a level of severity that deprives a student of access to educational opportunities." *Watkins v. La Marque Indep. Sch. Dist.,* 308 Fed. Appx. 781, 783 (5th Cir. 2009); *see also Gabrielle M. v. Park Forest-Chicago Heights, Ill. Sch. Dist. 163,* 315 F.3d 817, 822 (7th Cir.2003)). "Whether gender-oriented conduct rises to the level of actionable harassment thus depends on a constellation of surrounding circumstances, expectations, and relationships." *Davis,* 526 U.S. at 651, 119 S.Ct. 1661 (internal quotation marks and citation omitted). The *Davis* court also admonished trial courts to take into account "that children may regularly interact in a manner that would be unacceptable among adults." *Id.*

7.     Despite amending their Complaint, Plaintiffs have not alleged well-pleaded facts showing actual knowledge and deliberate indifference to severe and pervasive student-on-student sexual harassment. Plaintiffs' only well-pleaded allegation of actual knowledge of sexual harassment by a District official is that teacher Bethany Becknell "had heard about" one instance of alleged assault perpetrated by LVISD varsity football players and occurring at an out-of-town football game. Dkt. No. 6-1, ¶¶ 10-11. Plaintiffs allege that Ms. Becknell responded by telling the students "it was wrong" and to "cut it out"; advising students that she had sent an email to Athletic Director Brandon Layne and "it would be taken care of"; and speaking directly with Child Doe to assure him that it would be handled. Dkt. No. 6-1, ¶ 11. Plaintiffs allege that on the same day, the Mr. Layne dismissed the Junior Varsity players and convened a meeting of the

varsity football players, where he told the players he had heard about the "initiations" and directing them to stop or there would be consequences. Dkt. No. 6-1, ¶ 12. Plaintiffs allege that the Athletic Director also requested that Coach Keith Barnes be present in the locker room at all times before practice. Dkt. No. 6-1, ¶ 12.

8.      The only other allegation in Plaintiffs' First Amended Complaint that even references a District employee asserts that on a single occasion in the indoor practice facility by the weight lifting area, a senior football player "flipped" Child Doe over and threatened him with a metal pipe. Dkt. No. 6-1, ¶ 18. Plaintiffs do not allege that the unidentified coach witnessed this alleged incident. Dkt. No. 6-1, ¶ 18. In fact, Plaintiffs allege that the senior dropped the pipe and walked away when the unidentified coach entered the room. Dkt. No. 6-1, ¶ 18.

9.      Taking all well-pleaded facts as true, despite amending their complaint, the single event which any District employee is alleged to have actual knowledge of was not so severe, pervasive and objectively offensive to deprive access to education. *See, e.g. Watkins v. La Marque Indep. Sch. Dist.,* 308 Fed. Appx. 781, 784 (5th Cir. 2009)(finding that a student's actions--exposing himself, kissing, and lifting the skirt of a high school student with special needs--while unquestionably inappropriate, the event was not so severe, pervasive and objectively offensive to deprive her of access to education and thus was not actionable under Title IX); *Gabrielle M. v. Park Forest-Chicago Heights, IL. Sch. Dist. 163,* 315 F.3d 817, 821 (7th Cir. 2003)(involving a male kindergarten student openly fondling himself and placing his hand in the pants of several students); *Wilson v. Beaumont Indep. Sch. Dist.,* 144 F.Supp.2d 690, 694-96 (E.D.Tex.2001) (involving a single incident of forced sodomy).

> **2. In their First Amended Complaint, Plaintiffs have failed to allege facts showing the District was deliberately indifferent.**

10.     The Supreme Court made clear in *Davis* that Title IX does not require funding recipients to remedy peer harassment. *Davis,* 526 U.S. at 648-49. *Davis* explicitly disapproved of a standard that would force funding recipients to suspend or expel every student accused of misconduct or force administrators to engage in particular disciplinary action. *Id.* All that *Davis* requires is that the District not act *clearly unreasonably* in response to known instances of harassment. *Id.* (emphasis added).

11.     "Deliberate indifference is a high bar, and neither negligence nor mere unreasonableness is enough." *Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 647 F.3d 156, 167 (5th Cir. 2011). Instead, a school's response must be "clearly unreasonable in light of the known circumstances." *Davis*, 526 U.S. at 648. A district's response need not be effective in remedying the harassment of which it has actual knowledge, and no particular remedial action is required. *Sanches*, 647 F.3d at 168. Courts are to "refrain from second-guessing the disciplinary decisions made by school administrators," who "must merely respond to known peer harassment in a manner that is not clearly unreasonable." *Davis*, 526 U.S. at 648, 649.

12.     Plaintiffs' only allegation of actual knowledge, obtained third-hand by the teacher and relayed third-hand to the athletic director, resulted in swift denunciation of the activity by both the teacher and the athletic director, a directive to the students to cease the activity or face consequences, and putting in place additional supervision of the locker room, according to Plaintiffs' own allegations. *See* Dkt. No. 6-1, ¶¶ 11-12. While Plaintiffs allege that additional incidents occurred, they do not allege any actual knowledge of those incidents by any District employee, and without actual knowledge there can be no deliberate indifference.

13.     The Fifth Circuit has consistently held that the "[t]he deliberate indifference standard is a high one," and "[a]ctions by officials that are merely inept, erroneous, ineffective, or negligent

do not amount to deliberate indifference…." *Doe on Behalf of Doe v. Dallas Indep. Sch. Dist.,* 153 F.3d 211, 219 (5th Cir. 1998). Deliberate indifference is found only where there is "an official decision by the [district] not to remedy the violation." *Gebser,* 524 U.S. 290. Plaintiffs have failed to show, through well-pleaded factual allegations, that the District was deliberately indifferent to known student-on-student sexual harassment. "Title IX does not require flawless investigations or perfect solutions." *Sanches,* 647 F.3d at 170. "A state actor's failure to alleviate 'a significant risk that he should have perceived but did not,' while 'no cause for commendation,' does not rise to the level of deliberate indifference." *McClendon v. City of Columbia,* 305 F.3d 314, 326 (5th Cir. 2002). "[T]here is no reason why courts, on a motion to dismiss, for summary judgment, or for a directed verdict, could not identify a response as not 'clearly unreasonable' as a matter of law." *Davis Next Friend LaShonda D.,* 526 U.S. at 649. Plaintiffs' First Amended Complaint is devoid of well-pleaded facts tending to show that the District violated Title IX and should be dismissed.

### 3. The Supreme Court has rejected any theory of Title IX liability predicated on failure to train, failure to implement policies, or failure to comply with administrative regulations.

14. In their First Amended Complaint, Plaintiffs also allege that the District violated Title IX through its alleged failure to have policies, procedures, practices, and customs in place to assure that Child Doe was not a victim of sexual abuse, that those policies violated state law, and that the District did not follow them or properly train its staff on them. *See* Dkt. No. 6-1, ¶¶ 23-27. Plaintiffs also allege that the District could be held liable under Title IX based on constructive notice, citing a 1993 National School Boards Association publication in support. Dkt. No. 6-1, ¶ 31. None of these allegations can state a claim under Title IX, as these standards for liability have been considered and expressly rejected by the Supreme Court.

15.    Plaintiffs' Title IX claim premised on the District's alleged failure to have effective policies, procedures or customs, or to effectively implement such policies was considered and expressly rejected by the Supreme Court in *Gebser v. Lago Vista Independent School District,* 524 U.S. 274, 290-91 (1998). *Gebser* furthermore specifically held that while Title IX's administrative regulations could form the basis of an investigation by the Department of Education, a funding recipient's liability for money damages could <u>not</u> be predicated on a failure to comply with administrative regulations. *Id.* at 291-92. Plaintiffs appear to urge their Title IX theory of liability based on allegations that the District violated the same administrative regulations, and the same failure to have, train, and implement policies which *Gebser* rejected as a basis for Title IX suit. *Compare,* Dkt. 6-1 *and* 524 U.S. at 291-92. The *Gebser* Court clearly articulated the specific and sole standard for Title IX liability, which requires: proof that (1) a school district official with the authority to address the alleged discrimination and to institute corrective measures on the district's behalf (2) had actual knowledge of the discrimination in the district's programs and (3) responded with deliberate indifference to discrimination. *Id.* at 290-91. The Supreme Court has "never held, however, that the implied private right of action under Title IX allows recovery in damages for violation of…administrative requirements." *Id.* at 292

16.    The Supreme Court has also consistently rejected both the use of agency principles to impute liability to a school district for the misconduct of students and the use of a negligence standard, explicitly rejecting any theory of liability premised on its failure to respond to harassment of which it knew or *should have* known. *Gebser,* 524 U.S. at 283); *Davis,* 526 U.S. at 642. Instead, the Supreme Court concluded that Title IX liability lies only where the district itself intentionally acted in clear violation of Title IX by remaining deliberately indifferent to acts of severe and pervasive harassment by other students. As the Supreme Court made clear in *Gebser*

and *Davis,* Title IX liability cannot be premised upon policies, procedures, practices, and customs the District allegedly failed to promulgate or failed to implement; Title IX liability attaches only upon **actual notice** of sexual harassment to a District employee with supervisory authority followed by a deliberately indifferent response. While Plaintiffs' Amended Complaint raises serious concerns about the alleged behavior of some district students, it is devoid of well-pleaded facts tending to show that the District violated Title IX and should be dismissed accordingly.

**B.** **PLAINTIFFS CANNOT RECOVER PUNITIVE DAMAGES.**

17.     Plaintiffs request punitive/exemplary damages. Dkt. No. 6-1, ¶ 33. However, Title IX punitive damages are unavailable against the District. Title IX is modeled after Title VI of the Civil Rights Act of 1964 and interpreted and applied in the same manner. *Barnes v. Gorman,* 536 U.S. 181, 185 (2002). Federal funding recipients under Title VI "have not, merely by accepting funds, implicitly consented to liability for punitive damages." *Id.* at 188. Thus, punitive damages are not available in private action brought to enforce Title IX. *See, e.g. Mercer v. Duke University,* 50 Fed.Appx. 643, 644 (4th Cir.2002). Plaintiffs' request for punitive or exemplary damages should be dismissed as a matter of law.

## IV.
## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, for the reasons shown above, Defendant La Vernia Independent School District respectfully moves the Court to grant its Motion to Dismiss Plaintiffs' First Amended Complaint for Failure to State a Claim Upon Which Relief Can Be Granted and furthermore grant it any and all relief to which it is justly entitled.

Respectfully Submitted,

By: /s/ *D. Craig Wood*
D. Craig Wood
Attorney-in-Charge
State Bar No. 21888700
cwood@wabsa.com

By: /s/ *Katie Payne*
Katie E. Payne
State Bar No. 24071347
kpayne@wabsa.com

**WALSH GALLEGOS TREVIÑO RUSSO & KYLE P.C.**
100 NE Loop 410, Suite 900
San Antonio, Texas 78216
TEL. NO.: (210) 979-6633
FAX NO.: (210) 979-7024

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 26th day of January, 2018, a true and correct copy of the above and foregoing was electronically filed with the Clerk of the Court using CM/ECF system, which will send notification of such filing to the following:

**PLAINTIFFS' COUNSEL:**
Tim Maloney
Law Offices of Maloney & Campolo
926 S. Alamo
San Antonio, Texas 78205

/s/ *D. Craig Wood*
D. Craig Wood