IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN AND JANE DOE, AS NEXT FRIENDS OF CHILD DOE, A MINOR, | § § § § | |
| *Plaintiffs,* | § | |
| V. | § § | CIVIL ACTION NO. **5:17-cv-1195-OLG** |
| LA VERNIA INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| *Defendant.* | § § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT LA VERNIA INDEPENDENT SCHOOL DISTRICT'S 12(b)(6) MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiffs **JOHN AND JANE DOE, AS NEXT FRIENDS OF CHILD DOE, A MINOR** and files their response to the Defendant's 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaint filed by **LA VERNIA INDEPENDENT SCHOOL DISTRICT**, and in support would respectfully show unto this Court as follows:

## I.  INTRODUCTION

On December 27, 2017, Plaintiffs filed a Motion for Leave to Amend Plaintiffs' Original Complaint (Dkt. No. 6) with Plaintiffs' First Amended Complaint as Exhibit A (Dkt. No. 6-1). On January 5, 2018, Defendant filed a Response to Plaintiffs' Motion to Amend Complaint (Dkt. No. 9). On January 26, 2018, Defendant filed a Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. No. 11). Although the Court has not yet ruled on Plaintiffs' motion requesting leave to amend the complaint, in an abundance of caution, Plaintiff files this Response to Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint.

## II.     FACTUAL BACKGROUND

During the academic years of 2015 – 2017, Plaintiff CHILD DOE suffered hazing, harassment, bullying, physical and sexual abuse, and other unlawful treatment at La Vernia High School. As reported in the media, and as a slew of recent arrests confirm, a pervasive "rape culture" dominated the School's sports programs. The hazing rituals and traditions are a form of bullying and have been part of the culture for at least a decade, and possibly longer. Coaches, teachers, and administrators turned a blind eye to the abuse, even after it was reported to them. Due to the sexual assaults, sodomy, unlawful sexual penetration, and sexual abuse, CHILD DOE has withdrawn from the School for the 2017 – 2018 school year.

Specifically, as pled in Plaintiffs' First Amended Complaint, CHILD DOE was attacked during the first week of football playoffs, when La Vernia High School played Zapata High School in Zapata, Texas. It was at this time that CHILD DOE was attacked by three upperclassmen who grabbed CHILD DOE, forced him face down on the locker room floor, and held him down as he struggled to get away. An upperclassman then grabbed a Gatorade G2 bottle, and pushed it into CHILD DOE's anus over his shorts. English teacher, Ms. Bethany Becknell and Athletic Director and Head Coach, Brandon Layne, were aware of this incident. *See* Plaintiffs' First Amended Complaint.

Despite the foregoing, approximately two weeks after CHILD DOE's initial attack, he was attacked again. CHILD DOE was standing in front of his locker after practice when two Varsity football players approached him from both sides to grab and force CHILD DOE down to the locker room floor. CHILD DOE was punched and fondled, but was finally able to maneuver to a sitting position in his locker and fight off his attackers. Two days later, CHILD DOE was attacked again in the locker room, this time before practice, when Coach Keith Barnes was supposed to be

monitoring activity. Three Varsity football players grabbed CHILD DOE's feet and forced him face down again. CHILD DOE knew they were trying to "initiate" him because he sees that one student had something in his hand. The attackers gave up and got off of him.

CHILD DOE began his sophomore year on August 1, 2016, with "2-a-days" Varsity football practice. About mid-August, after practice, CHILD DOE had finished showering and was by his locker when three senior members of the Varsity football program attacked him. As he was forcibly held down by two of them, the third took a carboard tube from a coat hanger and pushed it into CHILD DOE's anus. They were laughing the whole time and told CHILD DOE, "New year, new initiation."

It is Plaintiffs' contentions that CHILD DOE is just one victim out of dozens who suffered the student-on-student sexual assaults. Recently, another victim has come forward, JOHN DOE 2, A MINOR, in a recently filed lawsuit alleging student-on-student sexual harassment under Title IX based on similar hazing allegations in student athletics against La Vernia Independent School District. (*See John Doe 1, Individually, and as next friend for John Doe 2, A Minor vs. La Vernia Independent School District,* Case 5:18-cv-00067-DAE). The Plaintiff in this case was a member of the La Vernia High School basketball team during the school year of 2016 and 2017, proving these assaults were not limited to just one sport at La Vernia High School, but all athletics.

As pled and quoted from JOHN DOE 2's Original Complaint (Dkt. No. 1), Case No. 5:18-cv-00067-DAE,

"The molestation of JOHN DOE 2, occurred on multiple occasions by other upper-class members of the basketball team during school basketball games and while at school premises in the basketball locker room. The assaults and unwanted sexual advances on the

minor child were numerous and frequent in nature and while minor child does not recall the exact number of times he was assaulted, minor child estimates it was over thirty (30) times while attending La Vernia High School. The assaults took place during the period from October 2016 to February 2017.

The assaults on the minor child occurred at numerous locations, which included the gym locker room at La Vernia High School, the gym shower at La Vernia High School, during basketball practice at La Vernia High School, and at other schools' basketball gyms, before and after basketball games. One sexual assault involving three (3) assailants occurred following a team dinner at the home of a teammate's parents.

Specifically, on or about January 12, 2017, following dinner, several teammates decided to play three-on-three basketball at the home of a teammate. Following the game, while ASSAILANT 1 and ASSAILANT 2 physically forced JOHN DOE 2, A MINOR, to the ground and subdued him, ASSAILANT 3, penetrated minor child's anus with a flashlight.

Another assault occurred at the Navarro High School gym, prior to a basketball game at Navarro High School. Specifically, on or about January 20, 2017, ASSAILANT 1 and ASSAILANT 2 stayed behind while JOHN DOE 2, A MINOR, was getting ready in the locker room. To the best of JOHN DOE 2, A MINOR's recollection, all other teammates other than ASSAILANT 1 and ASSAILANT 2 had left the locker room and were on the basketball court, ASSAILANT 1 and ASSAILANT 2 physically subdued JOHN DOE 2, A MINOR, and sexually assaulted him by repeatedly grabbing his penis and penetrating his anus with their fingers. JOHN DOE 2, A MINOR, recalls "screaming and yelling as loud as he could".  Following the assault, JOHN DOE 2, A MINOR, proceeded to the basketball court where his teammates were laughing,

knowing exactly what had happened to JOHN DOE 2, A MINOR. COACH 1 was also present on the basketball court, it was clear COACH 1 heard the screaming and yelling. COACH 1, however, ignored the assault and did nothing.

Another assault occurred on or about December 2016 or January 2017. On this occasion, JOHN DOE 2, A MINOR was being assaulted by upper classmen, ASSAILANT 1 and ASSAILANT 2, in the gym locker room at the premises of La Vernia ISD when COACH 1 observed the assault and unwanted sexual advances. Most, if not all of the basketball team, was present during the assault and observed such assault. During the assault, ASSAILANT 1 and ASSAILANT 2 repeatedly grabbed JOHN DOE 2, A MINOR, in the penis and penetrated minor child's anus with their fingers. Rather than stop such actions, COACH 1 walked away and allowed such sexual assault to continue.

Despite actual knowledge of the incident, COACH I conducted no investigation as to the events leading to and occurring during the sexual assault. COACH I failed to report the criminal acts involved during such sexual assault in violation of his obligations as an employee of LA VERNIA INDEPENDENT SCHOOL DISTRICT.

Despite being an appropriate person who had the authority to investigate and end the sexual assaults being committed upon JOHN DOE 2, A MINOR, COACH 1 instead chose to ignore the acts of ASSAILANT I and ASSAILANT 2, thereby failing the hostile environment that JOHN DOE 2, A MINOR, was being subjected to.

The conduct of and acts of ASSAILANT I and ASSAILANT 2 continued as to JOHN DOE 2, A MINOR, until the public became aware of such sexual assaults, until such time as an investigation was conducted by law enforcement, and until such time as arrests were made of upper class students who had been involved in the sexual assault of JOHN DOE 2, A

MINOR, as well as of other student athletes at LA VERNIA INDEPENDENT SCHOOL DISTRICT.

The conduct of and acts of ASSAILANT 1 and ASSAILANT 2 continued as to JOHN DOE 2, A MINOR, in physically and sexually assaulting JOHN DOE 2, A MINOR, were conducted in a manner contrary to the minor's interests and desires, and in violation of his constitutional rights to bodily integrity and to freedom from intrusions while attending a publicly mandated course of education. JOHN DOE 2, A MINOR, was humiliated, embarrassed, and depressed as a result of such actions. The pattern of activity included, but is not limited to, the following:

    a. Grabbing minor child's penis;
    b. Penetrating and grabbing minor child's anus with ASSAILANTS' fingers;
    c. Penetrating minor child's anus with a flashlight;
    d. Assaulting minor child while he was showering, which resulted in minor child having to shower with his underwear on to help deter and/or prevent future sexual assaults;
    e. Physically tackling and subduing minor child while he was repeatedly sexually assaulted; and
    f. Being repeatedly threatened by ASSAILANTS that they were "going to get you.""

### III.   LEGAL BACKGROUND

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests of the sufficiency of the plaintiff's complaint. *See, e.g., Ramming v. United States*, 281 F.2d 158, 161 (5th Cir. 2001). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

*Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A motion to dismiss under 12(b)(6) is appropriate only if the Plaintiff has not provided fair notice of its claims and factual allegations do not rise above mere speculation. *See, e.g., Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

"A court's task in ruling on a 12(b)(6) motion is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Official Cmte. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP,* 322 F.3rd 147, 158 (2d Cir. 2003) (internal citations omitted). Similarly, the First Circuit has recognized:

> If the factual averments do not justify recovery on some theory adumbrated in the complaint, then—and only then—can we affirm a dismissal for failure to state an actionable claim.' Despite this generous standard, we have repeatedly have cautioned that Rule 12(b)(6) is not entirely a toothless tiger . . . . The threshold for stating a claim may be low, but it is real. The complaint must therefore set forth factual allegations, either direct or inferential, respecting each material element to sustain recovery under some actionable legal theory.

*Podiatrist Ass'n v. La Cruz Azul de Puerto Rico, Inc.*, 332 F.3d 6, 19-20 (1st Cir. 2003) (citing *Rogan v. Memino*, 175 F.3d 75, 77 (1st Cir. 1999) and *Dartmouth Review v. Dartmouth Coll.*, 889 F.2d 13, 16 (1st Cir. 1989) (overruled on other grounds by *Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 62-64 (1st Cir. 2004)). Generally, motions to dismiss for failure to state a claim are viewed with disfavor, and should rarely be granted. *See Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000).

Plaintiffs have filed their First Amended Complaint as Exhibit "A" (*See* Plaintiffs' Motion for Leave to Amend Plaintiffs' Original Complaint). In Plaintiffs' First Amended Complaint, factual allegations are specific. Plaintiffs file this Response to address all issues presented in Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint.

## IV.     FAILURE TO STATE A CLAIM

In their Motion to Dismiss, La Vernia Independent School District asserts that Plaintiffs have failed to state a claim for violation of Title IX of the Education Amendments, 20 U.S.C. §1681, et seq. In order to bring suit under Title IX against a school district, the plaintiff must show: "(1) the school had actual knowledge of the harassment; (2) the harasser was under its control; (3) the harassment was based on sex; (4) the harassment was so severe, pervasive and objectively offensive that it effectively barred his access to an educational opportunity or benefit; and (5) the school was deliberately indifferent to the harassment." *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 633 (1999).

Defendant's argument that actual knowledge has not been plead sufficiently is completely without merit. Plaintiffs have specifically referenced two District employees who qualify as responsible individuals for purposes of Title IX Litigation. These two individuals not only had actual knowledge of the sexual assaults, but publicly addressed Plaintiff Child Doe's classmates about the attacks. Despite this, the assaults continued and reached a level of severity that Plaintiff withdrew from the School. Actual knowledge has been specifically detailed.

Defendant's contention that the attacks were not "severe" is simply insulting. Here, three upperclassmen forced CHILD DOE face down on a locker room floor and pushed a Gatorade G2 bottle into his anus over his shorts as he struggled to get away. On another occasion, three senior members of the Varsity football program forcibly held him down while one took a cardboard tube from a coat hanger and pushed it into CHILD DOE's anus. When a 15-year-old student is forcibly sodomized, the very definition of "severity" has been met. Furthermore, the attacks were objectively offensive. When it continues after teachers and coaches have actual knowledge of it occurring, deprivation of Educational Deprivation is completely substantiated.

The District's policies did not comply with Texas state law, which requires that all such incidents or suspicion of such incidents be reported within 48 hours to the proper authorities as required by state law, including the Texas Family Code Chapter 261, Texas Education Code §§38.004 and 38.0041, and Texas Administration Code §61.1051, which govern mandatory child abuse and neglect. The District's policy concerning sexual assault of students states, "An employee of who suspects child abuse must also report his or her knowledge or suspicion to the appropriate authorities as required by law." Rather than reporting the incident to the authorities, Athletic Director, Brandon Layne, merely warned the students of consequences and told them to stop. This course of action was entirely inadequate as demonstrated by the fact that Plaintiff was attacked at least four more times. Furthermore, the well-pleaded facts demonstrate that the District's actions were *clearly unreasonable* in response to the known instances of harassment.

In any event, Plaintiffs' Title IX claim ***is not*** predicated on the failure to comply with administrative regulations. The District's administrative policies referenced in Plaintiffs' Complaint relate to the District's ***deliberate indifference***. The policy that the District had in place, through woefully inadequate, did at least address the issue of sexual assault. It is not the violation of the policy, but its clear disregard of the policy that is at issue. The policy itself offers some assistance as to what protocol should be followed. Again, Plaintiffs' Title IX claim is not premised on the District's failure to have effective policies, procedures or customs, or to effectively implement such policies. It is the complete dismissal of following these procedures which substantiate the deliberate indifference of the Defendant.

The District's deliberate indifference caused Plaintiff to undergo harassment or, at the very least, made him vulnerable to it. The Plaintiffs' pleadings contain specific factual allegations showing actual knowledge and deliberate indifference to severe and pervasive student-on-student

sexual harassment. For these reasons, the Plaintiffs' pleadings are sufficient to overcome Defendant's argument.

## V.     CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs hereby respectfully request that this Court *deny* Defendant's 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaint.


Respectfully submitted,


/s/ *Tim Maloney*_____
**TIM MALONEY**
State Bar No. 12887380

**LAW OFFICES OF MALONEY & CAMPOLO**
926 S. Alamo
San Antonio, Texas 78205
(210) 922-2200 – Telephone
(210) 923-1313 – Facsimile
tmaloney@maloneyandcampolo.com
ATTORNEY FOR PLAINTIFFS


## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2018, service of this document was accomplished to all counsel of record via facsimile and pursuant to the Court's electronic filing procedures by filing this document through the CM/ECF system.

**Via e-filing & Facsimile to (210) 979-7024:**
WALSH GALLEGOS TREVIÑO RUSSO & KYLE P.C.
Attn: D. Craig Wood & Katie E. Payne
100 NE Loop 410, Suite 900
San Antonio, TX 78216

/s/ *Tim Maloney*_____
**TIM MALONEY**